UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KAREL BUSSEY,

                Plaintiff,

    - against -                             **COMPLAINT**

CITY OF NEW YORK, GREGORY SMITH,
MICHAEL ZAKI, and JOHN DOES 1-4,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Karel Bussey, by his attorney, Michael Lumer, hereby alleges upon information and belief as follows:

        1.     At all times hereinafter mentioned, plaintiff Karel Bussey was an adult resident of Kings County, in the City and State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and the New York City Department of Corrections ("DOC"), and their respective employees.

        3.     At all relevant times hereinafter mentioned, defendant Gregory Smith was employed by the City as a member of the NYPD, Tax No.: 951274. Smtih is sued herein in his individual capacity.

        3.     At all relevant times hereinafter mentioned, defendant Michael Zaki employed by the City as a member of the NYPD, Tax No.: 9712977. Zaki is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendants John Doe 1-4, were individuals employed by the City as members of the NYPD or the DOC whose full and complete identities are unknown to plaintiffs at this time. The Doe defendants are sued herein in their individual capacity.

5. At all relevant times hereinafter mentioned, the individual defendants, including the Doe defendants, were acting within the scope of their employment by the municipal defendant and under color of law.

6. The plaintiff timely served a Notice of Claim on the defendant City of New York.

7. At least thirty days have passed since service of plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

8. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

11. During the early morning hours of April 8, 2023, the plaintiff was arrested by members of the NYPD in Brooklyn, New York.

12. Plaintiff informed the arresting officers that he suffered from anxiety and claustrophobia and might need to go to the hospital.

13. Plaintiff was transported to the 76 precinct station house where his arrest was processed, at which point the arrest was assigned arrest number K23617605.

14. Shortly after his arrival at the station house the plaintiff was brought to a cell. The plaintiff began to feel panic and felt the onset of anxiety and claustrophobia. Soon thereafter he was taken to a local area hospital for evaluation and treatment.

15. Plaintiff arrived at the hospital in police custody at about 2:20AM on April 8, 2023, where he was treated for anxiety and claustrophobia with Ativan, also known as Lorazepam.

16. Plaintiff, still in NYPD custody, was discharged at or about 3:20AM that same morning. Upon information and belief, medical personnel informed the officers who were escorting plaintiff of the diagnosis and provided the officers with additional Ativan "to facilitate [plaintiff's] stay in NYPD custody."

17. The plaintiff was returned to the station house where he was held for a period of time. The officers at the precinct kept the plaintiff outside of the cell until transporting him to Central Booking.

18. Kings County Central Booking is staffed by officers from both NYPD and DOC.

19. Plaintiff was placed in a holding cell under the supervision of officers believed to be members of the NYPD, where he again suffered a panic attack, which caused him to begin shaking and hyperventilating, among other symptoms and responses.

20. Plaintiff was again taken to a hospital, albeit a different hospital than the one he was first brought to after his arrest.

21. He was examined and released and then brought back to Central Booking.

22. On his return he was placed back inside the cell, which triggered another round of panic attacks, anxiety, and claustrophobia, which plaintiff responded to, in part, by banging his head against the wall.

23. Defendant Zaki was the officer who placed him back in the cell, or was otherwise present when plaintiff was placed back in the cell.

24. Zaki told plaintiff he would not be allowed to return to the hospital.

25. Defendant Smith then entered the cell with his taser in his hand, followed or accompanied by the John Doe defendants.

26. Upon information and belief Smith was a sergeant and had supervisory authority over Zaki and the Doe defendants.

27. The defendants, under Smith's direction, then hogtied the plaintiff, binding his hands behind his back and his feet together, and then attaching plaintiff's feet and hands together behind him. Plaintiff was left on the floor, screaming and hyperventilating until he eventually passed out.

28. At no time during his time in custody following the arrest did the plaintiff threaten or attempt to physically assault or injure any of the defendants, or any other officers, or any other person at Central Booking.

29. Although plaintiff was in obvious physical and psychiatric distress, the defendants refused his requests for medical or mental health treatment.

30. Although plaintiff was in obvious physical and psychiatric distress, the defendants refused to consider any actions or treatment to alleviate his suffering, such as cuffing plaintiff's wrist to a bench in the cell so that the cell door could remain open.

31. Instead, the defendants violently and forcibly bound plaintiff like an animal, and, with full knowledge of their cruelty, left him to suffer on the floor.

32. When plaintiff came to he found that Zaki had been replaced by another officer. That officer eventually released the hogtied plaintiff, placing him in a sitting position on the cell bench. That officer left the cell door open to alleviate plaintiff's anxiety, opting instead to handcuff plaintiff's hand to the bench.

33. Plaintiff was eventually arraigned and released on his own recognizance. Upon information and belief the criminal charges were later dismissed.

34. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

(Excessive Force Pursuant to 42 USC §1983
against the Individual Defendants)

35. Plaintiff repeats the preceding allegations as though stated fully herein.

36. The defendants use of force, including, but not limited to, forcibly hogtying plaintiff, was objectively unreasonable and caused plaintiff to suffer injuries.

37. To the extent that any of the individual defendants did not physically participate in the unconstitutional use of force against the plaintiff, each such person was aware

that the force would be and was being used and failed to intervene to prevent its use and to otherwise protect plaintiff.

38. The individual defendants, individually and collectively, subjected plaintiff to excessive force in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

39. The individual defendants, individually and collectively, acted to punish plaintiff without due process in violation of the plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

40. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer physical, psychiatric, and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(Failure to Provide Plaintiff with Medical/Mental
Health Treatment Against All Defendants)

41. Plaintiff repeats the preceding allegations as though stated fully herein.

42. The defendants had actual or constructive knowledge that plaintiff suffered from anxiety and claustrophobia and was prone to panic attacks.

43. The defendants had actual or constructive knowledge that plaintiff was actually suffering acute panic attacks and claustrophobic reactions to being placed in a cell.

44. The defendants had actual or constructive knowledge that plaintiff was seeking and required immediate medical or mental health treatment on an emergency basis.

45. The defendants made a deliberate and conscious decision to deny plaintiff access to medical or mental health treatment despite their knowledge that he was in acute distress.

46. By failing to provide plaintiff with the care he so obviously needed, the defendants effectively punished and harmed plaintiff without due process in violation of his rights under the Fourteenth Amendment to the United States Constitution.

47. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer physical, psychiatric, and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

(State Law Claims for Excessive Force,
Assault, and Battery Against All Defendants)

48. Plaintiff repeats the preceding allegations as though stated fully herein.

49. The individual defendants, including the Doe defendants, threatened the use of physical force, used physical force, or caused physical force to be used against the plaintiff.

50. The defendants' use of force was objectively unreasonable or otherwise was used for impermissible purposes, including to punish and torment the plaintiff in response to the plaintiff's claustrophobic and panicked reaction to his imprisonment.

51. The individual defendants, including the Doe defendants, individually and collectively, subjected plaintiffs to excessive force in violation of the plaintiffs' rights under state law.

52. The individual defendants, including the Doe defendants, individually and collectively, threatened plaintiffs with violence by brandishing handguns, rifles, and firearms, and pointing them at the plaintiffs. The defendants further caused plaintiffs to reasonably fear for their safety and well-being through their physical demonstrations and threats.

53. The individual defendants, including the Doe defendants, are liable to plaintiff under state law, for the use of excessive force and for assault and battery.

54. The municipal defendant, the City of New York, is vicariously liable for the acts of the individual defendants, who were at all relevant times herein acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

55. By reason thereof, the City of New York and the individual defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty, as well as the loss of his civil rights, in an amount in excess of the jurisdictional minimum of this Court.

**FOURTH CAUSE OF ACTION**

(State Law Claims for Intentional and Negligent
Inflicition of Emotional Distress Against All Defendants)

56. Plaintiff repeats the preceding allegations as though stated fully herein.

57. By their actions described above, the defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to the plaintiff.

58. The acts and omissions of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the State of New York.

59. By reason thereof, the City of New York and the individual defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty, as well as the loss of his civil rights, in an amount in excess of the jurisdictional minimum of this Court.

**FIFTH CAUSE OF ACTION**

(State Law Claims for Intentional and Negligent
Infliction of Emotional Distress Against All Defendants)

60. Plaintiff repeats the preceding allegations as though stated fully herein.

61. The defendants deliberately refused, denied, and otherwise prevented the plaintiff from receiving reasonable, good faith medical attention while he was in the custody of members of the NYPD and/or DOC.

62. Defendants' conduct violated New York Civil Rights Law Section § 28.

63. As a result, the plaintiff suffered serious injury or a significant exacerbation of prior injuries.

64. By reason thereof, the City of New York and the individual defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty, as well as the loss of his civil rights, in an amount in excess of the jurisdictional minimum of this Court.

**SIXTH CAUSE OF ACTION**

**(New York City Administrative Code §8-802 et seq.
Against the City of New York and the Individual Defendants)**

65. Plaintiff repeats the preceding allegations as though stated fully herein.

66. Each of the individual defendants is liable under the New York City Administrative Code (§8-802) for the unjustified anduse of force against plaintiff at Central Booking, including, but not limited to, hogtying him and otherwise employing or threatening to employ force against him while he was in defendants' custody at Central Booking.

67. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

68. The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

69. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of his liberty.

[Remainder of Page Intentionally Blank]

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York City Administrative Code §8-805, and expenses and costs of the action;

iv. an order issued by this Court expressly restraining each individual defendant found liable from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

v. such other relief as the Court deems just and proper.

Dated: New York, New York
July 8, 2024

LUMER LAW GROUP
Attorneys for Plaintiff Karel Bussey

*/s/ Michael Lumer/*

Michael Lumer, Esq.
14 Wall Street, Suite 1603
New York, New York 10005
(212) 566-5060